GRben, J.
delivered the opinion of the court.
This is a petition for a mandamus to the entry taker of Madison county, to make void an occupant entry for seventy-five acres in the name of Jacob Hill, and to receive and record the entry, and plat and certificate of survey, tendered by the petitioner for eighty-five acres, including the land called for in said seventy-five acre occupant entry.
It appears from the petition, answer and proof, that Jacob Hill was, in 1827, the owner of a tract of one hundred and Iwenty-five acres of granted land, in the county of. Madison; that he sold said land to Eli Chandler, who procured a survey in the name of Hill to be made of the seventy-five acres in controversy, as an.extension of the one hundred and twenty-five acre tract, under the occupant laws of the State. Chandler mortgaged the land purchased from Hill (including the seventy-five acre occupant entry,) to William Butler, and Hill transferred said entry to Butler without receiving any consideration from Chandler for so doing. Afterwards the plaintiff in error, Eli Anderson, purchased the two hundred acres from Chandler, (being the one hundred and twenty-five acres of granted land and the seventy-five acre occupant entry,) and redeemed the mortgage Butler held on the same; and Butler transferred the seventy-five acre occupant entry to Anderson, who took possession of the same, and has cultivated and possessed a portion of the land covered by the occupant entry, ten or twelve years.
On the 27th of December, 1844, the relator Lacy tendered a location and plat and certificate of survey of eighty-five acres, to include said seventy-five acres, and deposited the amount of money to be paid therefor together with the fees of office, and required the entry taker to receive and record the same. In January, 1845, and before the expiration of twenty days, the plaintiff in error, Anderson, made proof as required by the statute, that he was the owner of the occupant entry, No. 320, for seventy-five acres in the name of Jacob Hill, paid 12-¿ cents per acre and all lawful fees, and procured his plat and certificate to be registered for a grant. The entry taker therefore refused to register the plat and certificate tendered *497 by relator, whereupon he filed his petition in this cause, and insists that he is entitled to enter said land, because Jacob Hill appears by the proof in the cause to have been the owner of two hundred acres of land at the date of the occupant entry No. 320, for seventy-five acres, and, therefore, was not entitled to make said entry as an extension of his one hundred and twenty-five acre tract.
It is true, that, from the proof in this record, it appears that Jacob Hill was the owner of more than two hundred acres of granted land at the time the location and survey No. 320 was made, and, therefore, was not entitled to preference of entry of the seventy-five acres in dispute; and if the entry of Lacy had been tendered in time, he would have been entitled to the land. But the rights of the parties are very much changed by the length of time that has elapsed, and the facts that have transpired. Anderson has become the purchaser and assignee of this occupant entry, and has had possession of the land, cultivating the same for more than ten years before Lacy’s entry was tendered.
The act of 1837, ch. 1, sec. 11, provides, that occupants and their assignees, “when they have heretofore had, or may hereafter have the peaceable and quiet possession of the same for three years, shall be protected in their rights of occupancy, and no advantage shall be taken of them by reason of any informality, defect, or omission in the certificate or probate of occupancy, or in the transferring or assigning the same; but the said possession shall bar all other claimants, and be notice against all claims or suits, legal or equitable.” This statute creates a positive bar in favor of the defendant, Anderson; and, by reason of his purchase, and possession of this occupant entry more than three years, he is secured in the preference given to occupants, notwithstanding the defect in his proof of occupancy.
The entry taker, therefore, did right in refusing to register the entry and certificate of survey of the relator; for, although it calls for eighty-five acres, and consequently includes ten acres he might .well enter, still, as it included the seventy-five acres he could not lawfully enter, the entire location *498 was properly rejected. Reverse the judgment, and dismiss the petition with cost.